UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

    - against -                          No. 19 Civ. 5998 (WHP)

JASON SUGARMAN,

        Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION TO INTERVENE AND FOR A STAY OF DISCOVERY

                                    AUDREY STRAUSS
                                    Attorney for the United States,
                                    Acting Under Authority Conferred by 28
                                    U.S.C. § 515

Rebecca Mermelstein
Brendan F. Quigley
Negar Tekeei
Assistant United States Attorneys
    *- Of Counsel -*

**PRELIMINARY STATEMENT**

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its application (i) to intervene in the above-captioned case (the "civil action"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay the civil action until the conclusion of the parallel criminal case, *United States* v. *Jason Galanis et al.*, 16 Cr. 371 (RA) (the "Criminal Action"). Counsel for Sugarman consents to this motion. Counsel for the Securities and Exchange Commission takes no position on the motion.

**FACTUAL BACKGROUND**

As noted in the SEC's complaint in this case, this matter and the Criminal Action involve the same investment fraud scheme and arise out of the same events. (*See* Complaint ¶ 3 & n.1). Although Sugarman has not been charged in the Criminal Action, he is an unindicted co-conspirator in that case. *See, e.g.*, *United States* v. *Galanis,* 366 F. Supp. 3d 477, 481 n.2 (S.D.N.Y. 2018). The Criminal Action remains an active matter: one defendant, Michele Morton, has a pending motion to withdraw her guilty plea, and the Government's appeal of the district court's grant of a new trial to another defendant, Devon Archer, has been fully briefed to the Second Circuit. (*See id.*)

**ARGUMENT**

The Government's requests to intervene and stay discovery in this civil action should be granted. If full-fledged civil discovery were to proceed at this time, there would be a risk of significant interference with the Criminal Action. The limited stay requested would not prejudice any of the parties to the civil action.

2

**I.      THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE**

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction that is the subject of the action" and the applicant "is so situated that 'disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . .'" Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." The Government respectfully submits that its application satisfies both of these provisions given the effect this civil proceeding would have on Criminal Action and the identity of facts between the parallel actions.

As a general rule, courts "have allowed the government to intervene in civil actions—especially when the Government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC* v. *Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002).

As an initial matter, intervention is warranted because the Government's interests in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes. *See Bureerong* v. *Uvawas*, 167 F.R.D. 83, 86 (C.D. Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . . Clearly neither the plaintiff nor the defendants have this identical interest.").

Moreover, a trial in this action in advance of a related criminal trial could impair or impede the Government's ability to protect its interests in the enforcement of federal criminal law. This case and the related Criminal Action arise from the same alleged scheme to misappropriate tribal funds through the use of captive investment advisors. Holding a civil trial while there is still a potential for a trial in the Criminal Action—either because court grants Morton's motion to withdraw her guilty plea or because the Second Circuit affirms the grant of a new trial to Archer—would create the possibility that there will be parallel trials covering the same fraudulent acts. This raises the probability that witnesses will be unnecessarily burdened by having to testify multiple times. In light of those circumstances, the Government respectfully submits that its application to intervene should be granted.

## II.   A LIMITED STAY OF DISCOVERY IS APPROPRIATE

### A.   Applicable Law

Courts in this District frequently stay civil discovery when there is a parallel criminal prosecution. *See, e.g.*, *SEC* v. *Wey*, 15 Civ. 7116 (PKC) (S.D.N.Y. June 9, 2016) (granting Government's motion for partial stay of aspects of civil discovery that would constitute Jencks Act material, over objection of multiple defendants); *SEC* v. *Durante et al.*, 15 Civ. 9874 (RJS) (S.D.N.Y. Mar. 22, 2016) (granting Government's motion for partial stay of aspects of civil discovery that would constitute Jencks Act material, over one defendant's objection); *SEC* v. *Tuzman*, 15 Civ. 7057 (AJN) ) Dkt. No. 43, Memorandum and Order (S.D.N.Y. Mar. 1, 2016) (granting Government's motion for partial stay of aspects of civil discovery that would constitute Jencks Act material, over one defendant's objection); *SEC* v. *Galanis et al.*, 15 Civ. 7547 (VSB)

4

(S.D.N.Y. Oct. 21, 2015) (granting Government's motion for partial stay of aspects of civil discovery that would constitute Jencks Act material, on consent).

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis* v. *N. Am. Co*., 299 U.S. 248, 254 (1936)). When considering whether to grant a stay, courts balance the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*SEC* v. *Treadway*, No. 04 Civ. 3464 (VM) (JCF), 2005 WL 713826, at *2-*3 (S.D.N.Y. March 30, 2005) (quoting *In re Worldcom, Inc. Sec. Litig.*, Nos. 02 Civ. 3288, 02 Civ. 4816, 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002)); *see also Volmar Distrib., Inc.* v. *New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Id.*

**B.   Discussion**

Application of these factors here weighs in favor of the stay sought by the Government and consented to by Sugarman

First, the Criminal Action and this case involve nearly identical facts and issues, and this weighs heavily in favor of a stay. "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Volmar Distrib.*, 152 F.R.D. at 39 (citing

Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)); *see also Tuzman*, 15 Civ. 7057 (AJN), Dkt. No. 43 at 3) (noting that "substantial overlap between the civil and criminal proceedings" weighs in favor of stay); *United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter.").

Here, there is no dispute that this case and the Criminal Action arise out of the same scheme and concern the many of the same events. Moreover, the SEC's complaint states that Sugarman carried out the scheme with seven individuals charged in the Criminal Action, including Archer and Morton. (*See* Complaint ¶ 3 & n.1). In short, the cases involve heavily overlapping facts and issues. As a result, this factor, the most important one under applicable law, weighs heavily in favor of a stay.

*Second,* as to the status Criminal Action, although Sugarman has not been charged, the matter remains pending, given Morton's pending motion and the Government's appeal of the district court's decision regarding Archer. *See Securities and Exchange Comm.* v. *Santillo*, 18 Civ. 5491 (JGK), 2018 WL 6039324, at *2 (S.D.N.Y. Nov. 2, 2018) ("[C]ourts routinely grant stays post-indictment.").

*Third*, as to prejudice to the parties, Sugarman consents to the stay. The SEC takes no position, indicating that it will not be substantially prejudiced by stay. *See Securities and Exchange Comm.* v. *One or More Unknown Purchasers of Securities of Global Industries, Ltd.* (*"Global Industries"*), No. 11 Civ. 6500 (RA), 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) (explaining in case where SEC "does not oppose" the stay, [t]his position perhaps

indicates support for a stay, but at the very least makes clear that the SEC does not believe it will be prejudiced by one.").

*Fourth*, as to the public interest and the interests of the courts, again, although Sugarman is not a defendant in the Criminal Action, "[t]he civil case is 'likely to benefit to some extent from the [c]riminal [c]ase no matter its outcome." *Securities and Exchange Comm.* v. *Platinum Management (NY) LLC*, No. 16 Civ. 6848, 2017 WL 2915365, at *6 (E.D.N.Y. July 7, 2017) (quoting *Glob. Industries*, 2012 WL 5505738, at *4). Resolution of the Criminal Action, including any decision by the Second Circuit in the Government's appeal of the Archer new trial decision, will further refine the issues before the Court in the civil action.

\*        \*        \*

In sum, and as set forth above, the balance of factors here weighs in favor of a stay, particularly given the overlap between the Criminal Action and this matter, the fact that Sugarman consents to a stay, and the SEC does not oppose a stay.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that its application to intervene and for a stay of discovery be granted in its entirety, and that the Court so order the proposed order submitted herewith.

Dated: New York, New York
August 9, 2019

                                        Respectfully submitted,

                                        AUDREY STRAUSS
                                        Attorney for the United States,
                                        Acting Under Authority Conferred by
                                        28 U.S.C. § 515

By:    /s/                              
        Rebecca Mermelstein
        Brendan F. Quigley
        Negar Tekeei
        Assistant United States Attorneys
        One Saint Andrew's Plaza
        New York, New York 10007
        Telephone: (212) 637-2482