

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

August 16, 2021

**VIA ECF**

Hon. Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312

    Re:    SEC v. Sugarman;
                No. 19 Civ. 5998 (GHW) (OTW)

Dear Judge Woods:

      Pursuant to the Court's Order, entered July 28, 2021 (DE 62), Plaintiff Securities and Exchange Commission ("Commission") and Defendant Jason Sugarman respectfully submit this joint letter regarding the status of this matter.

Background and Status of this Matter and Related Proceedings

      This case against Sugarman, filed in June 2019, grew out of the Commission's investigation that also resulted in two prior cases filed in 2015 and 2016, SEC v. Atlantic Asset Management LLC, 15 Civ. 9764 (WHP) ("Atlantic") (filed December 15, 2015), and SEC v. Archer, et al., 16 Civ. 3505 (GHW) ("Archer") (filed May 11, 2016).  Atlantic, Archer and this case each allege that, from 2013 through September 2015, defendants engaged in a fraudulent scheme to issue and sell $43 million of worthless Native American tribal bonds to unwitting clients of two investment advisers that defendants controlled.  This case focuses on the role Defendant Sugarman allegedly played in that scheme.[1]

      On September 30, 2020, Judge Pauley denied Sugarman's motion to dismiss (DE 55), and Sugarman filed his answer on November 13, 2020 (DE 59).

      A related criminal proceeding involving the fraud alleged in the Sugarman complaint has been pending before Judge Abrams, United States v. Galanis, 16 Cr. 371 (RA) (S.D.N.Y.) ("Galanis").  Sugarman was not charged in that action, but was identified as an unindicted co-conspirator, a characterization he disputes.  Rather, the United States Attorney's Office for the

---

[1]    The Archer case has also been reassigned to this Court.  The Atlantic case — which involved the receivership of the two investment advisers conscripted into the scheme — was closed by Order entered April 30, 2019 (DE 335).

Hon. Gregory H. Woods                                                            August 16, 2021
                                                                                          Page 2

Southern District of New York ("USAO") charged all but one of the same defendants as the Commission charged in Archer, and all either pled guilty or were convicted after trial of the crimes charged.[2] See 16 Cr. 371 (RA) (DE 541 (order referring to the guilty verdicts as to Archer, Cooney and John Galanis); 547 (order unsealing Dunkerley guilty plea); 618 (Hirst judgment); 733 (John Galanis judgment); 789 (Cooney judgment); 948 (Morton judgment).) See also 15 Cr. 0643 (PKC) (DE 558 (judgment entered against Jason Galanis in earlier criminal action and Archer).)

Judge Abrams granted Defendant Archer a new trial (DE 690) pursuant to Federal Rule of Criminal Procedure 33 after his conviction, but that decision was reversed by the Second Circuit. United States v. Archer, 977 F.3d 181 (2d Cir. 2020). On May 24, 2021, after Defendant Archer's motion for rehearing or rehearing en banc was denied (Case No. 18-3727 (2d Cir.), DE 117), Archer filed a petition for certiorari in the Supreme Court on May 24, 2021; the government's response to that petition is due on August 25, 2021.

Status: The Discovery Stay in this Case

On August 13, 2019, Judge Pauley granted the motion of the USAO to intervene and for a partial stay of discovery in this matter based on the ongoing proceedings in Galanis, until such time as "judgments are entered in [Galanis] or the charges against Defendants Archer and Morton are dismissed." (DE 25 ("Stay Order"), at 2.) The Stay Order also allowed the Commission to seek to preserve documents in the possession of third parties. To date, the SEC has obtained preservation stipulations with three third parties. (DE 33; 49; 53).)

In the parties' Joint Status Report dated November 20, 2020 (DE 60), the Commission proposed a modification to the Stay Order. Sugarman opposed the modification. The parties' respective positions are set forth in the November 2020 Joint Status Report. Judge Pauley did not act on the Commission's request or order briefing, and thus the Stay Order continues in effect.

                                                Respectfully submitted,

                                                s/ Nancy A. Brown


                                                s/ Adam Harber
                                                Counsel for Defendant Sugarman

---

[2] The Commission also charged Francisco Martin in the Archer case. Martin was granted immunity and testified at the Galanis criminal trial in the Government's case.