LAW OFFICES

# WILLIAMS & CONNOLLY LLP

A. JOSHUA PODOLL
(202) 434-5092
apodoll@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 29, 2022

<u>Via ECF</u>

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *SEC v. Sugarman*, 19 Civ. 5998, Mr. Sugarman's Letter Motion to Compel the SEC to Revise Its Witness Disclosure

Dear Judge Wang:

      Defendant Jason Sugarman respectfully submits this letter motion pursuant to Local Rule 37.2 and Your Honor's Individual Practice II(b) to request a conference and to compel the SEC to conform its initial witness disclosure list to Federal Rule of Civil Procedure 26(a)(1)(A)(i) or, in the alternative, to modify the proposed case management plan to allow Mr. Sugarman to depose any undeposed witness the SEC lists as a trial witness before trial. The SEC has identified 120 individuals on its disclosures and refused to provide guidance as to whom it may call at trial, effectively precluding Mr. Sugarman from using his 15 fact witness depositions under the case management plan to depose trial witnesses as contemplated by the Civil Rules. The Court should not sanction such "hide the ball" discovery.

      The SEC has been investigating this case for more than seven years. It interviewed or obtained testimony from multiple witnesses and subpoenaed thousands of documents well in advance of filing this action. It has had years to prepare this case. Nevertheless, after the parties submitted their joint proposed case management plan on April 6, 2022, providing that each side would be entitled to 15 fact witness depositions, the SEC identified 120 prospective witnesses "likely to have discoverable information that the Commission may use to support its claims in this action."[1] *See* Ex. A (SEC's Initial Disclosures), at 1-23. The disclosures grouped those witnesses into fourteen generic categories. Within each category, the SEC described the disclosed individuals and their knowledge using a repeating set of boilerplate phrases, such as "Investment in Wakpamni bonds," "Issuance of Wakpamni Bonds," and "Investment in WAH Ltd." As a

---

[1] The SEC filed this case in June 2019 and Mr. Sugarman's motion to dismiss was decided in September 2020. Discovery was stayed pending developments in *United States v. Jason Galanis, et al.*, No. 16-cr-00371 (S.D.N.Y.).

WILLIAMS & CONNOLLY LLP®

July 29, 2022
Page 2

result, the descriptions for large clusters of witnesses are either identical or substantially similar. *See, e.g.*, Ex. A at 6-9.

One week after the SEC served its initial disclosures, Mr. Sugarman requested that the SEC "promptly revise its initial disclosures to reflect a realistic list of individuals with discoverable information." *See* Ex. B (Letter from J. Podoll to N. Brown, dated May 4, 2022). The SEC refused. Mr. Sugarman addressed the issue in the May 13, 2022 Status Report to the Court. DE 85. Still, the SEC did not refine its list. Mr. Sugarman again raised the SEC's overbroad initial disclosures in a June 29, 2022 telephonic meet-and confer. At that time, Mr. Sugarman inquired whether the SEC would provide a priority list of the witnesses it is most likely to rely on at trial so that Mr. Sugarman could focus his discovery efforts appropriately. On July 13, 2022, the SEC rejected Mr. Sugarman's compromise proposal. On July 20, Mr. Sugarman proposed another alternative: if a party lists an undeposed witness on their trial-witness list, the opposing party may take the witness's deposition before trial. The SEC refused to agree even to that proposal unless the number of pre-trial depositions was arbitrarily capped at 5. Because the SEC's disclosures list 120 witnesses, that cap still would allow the SEC to rely primarily on undeposed witnesses at trial.

The SEC's overbroad initial disclosures and its refusal to narrow them in any way flout Rule 26(a)(1). Rule 26 requires parties to disclose the witnesses they "intend to use" during a case. Fed. R. Civ. P. 26(a) Advisory Committee Notes on 2000 Amendments. Witnesses that a party will not rely on need not be disclosed. *Id.* Rule 26's disclosure requirement is "applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish"—*i.e.*, the just, speedy, and inexpensive resolution of litigation. *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004) (quoting Advisory Committee Notes on 1993 Amendments). Initial disclosures that consist of a "laundry list of undifferentiated witnesses" thus violate Rule 26(a)(1) because they deprive the party receiving the disclosures of any ability to focus and streamline discovery. *Sender*, 225 F.R.D. at 651; *see also Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 263 F.R.D. 1, 6 (D.D.C. 2009); *Chinn v. Elmwood Franklin Sch.*, 2018 WL 6738326, at *2 (W.D.N.Y. Nov. 1, 2018), *report and recommendation adopted*, 2018 WL 6266193 (W.D.N.Y. Nov. 29, 2018).

The SEC's disclosures are precisely the kind of "gamesmanship with respect to the disclosure obligations" that *Sender*, *Guantanamera Cigar*, and *Chinn* proscribe. *Sender*, 225 F.R.D. at 651. After seven years of investigation, the SEC plainly has narrowed its focus: it represented that it will need just three weeks, including cross-examination, for its case in chief. DE 75 at 5. There is no chance that the SEC intends to use even a fraction of the witnesses it has identified. But the SEC's disclosures bury the handful of individuals it does intend to call in an "undifferentiated laundry list" of potential witnesses. *Sender*, 225 F.R.D. at 651.

That tactic is highly prejudicial to Mr. Sugarman. As the SEC knows, the parties are limited to 15 fact depositions per side—a limitation Mr. Sugarman agreed to before the SEC served its 120-witness disclosure. DE 75 at 3. Under the current case management plan, Mr. Sugarman will have an opportunity to depose just over a tenth of the witnesses the SEC disclosed. The SEC then could, consistent with its disclosures, choose to rely primarily if not exclusively on undeposed witnesses at trial and still cover the same topics as every witness Mr. Sugarman deposed. The SEC's overbroad disclosures thus have the effect of preventing Mr. Sugarman from allocating his

WILLIAMS & CONNOLLY LLP

July 29, 2022
Page 3

limited depositions (and the limited time in the discovery period) to the witnesses the SEC actually intends to rely on to support its claims. *Guantanamera*, 263 F.R.D. at 6; *Sender*, 225 F.R.D. at 651. This is particularly unfair in the context of an SEC action, where the SEC had years before filing its complaint to conduct one-sided discovery through its investigative process without the participation of Mr. Sugarman.

The SEC's only response has been to argue that Mr. Sugarman's familiarity with the disclosed witnesses should be sufficient. This is not a proper justification for the SEC's needle-in-a-haystack approach to discovery. If a plaintiff could avoid its initial-disclosure obligations by asserting that the defendant has knowledge of the relevant witnesses, Rule 26(a)(1)(A)(i) would never apply. Similarly, the SEC cannot shirk its disclosure obligations by pointing Mr. Sugarman, as it has suggested, to the witnesses called in a related criminal matter to which he was not a party. And, in any event, many of the SEC's allegations against Mr. Sugarman differ from the allegations against the criminal defendants.

The SEC has further sought to defend its expansive list by contending Mr. Sugarman's reservation of the right to rely on any witness listed by the SEC makes his disclosures as broad as the SEC's. That is incorrect. Reserving the right to rely on information gleaned from the SEC's witnesses does not make Mr. Sugarman's list—which presently consists of 1 witness (Mr. Sugarman himself)—remotely equivalent to the SEC's 120.[2]

The SEC's initial disclosures, in sum, violate Rule 26(a)(1) because they do not provide fair notice of which witnesses the SEC intends to use to prove its case. The Court should order the SEC to revise its initial witness disclosure to provide a realistic list of witnesses whose testimony it may rely on in this matter. Alternatively, the Court should amend the case-management plan to allow Mr. Sugarman to depose any undeposed witness the SEC lists as a trial witness before trial.

Respectfully submitted,

*/s/ Josh Podoll*

A. Joshua Podoll
Counsel for Defendant Jason Sugarman

---

[2] Counsel for Mr. Sugarman has informed the SEC that it will amend and add to its disclosures if and when it determines that it intends to use information from additional witnesses.