**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

    v.

JASON SUGARMAN,

                    Defendant.

19-cv-05998 (GHW)(OTW)

ECF CASE

---

### STIPULATION AND PROPOSED PROTECTIVE ORDER

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties and disclosed by third parties in connection with this action:

1. Counsel for any party, or any third party who produces documents or information (including testimony) in this action, may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party or third party as confidential will be stamped "CONFIDENTIAL."

2. Without the need for designation as provided in Paragraph 1, above, all documents, or information (including testimony) in this action shall be deemed stamped "CONFIDENTIAL" to the extent that any portion thereof contains any personally sensitive information, or, with respect to third parties, any personal identifying information, including an individual's social security number, tax identification number or tax return, home address or home telephone number, date of birth, financial account number or statement (collectively, "PII"). PII and information designated as "Confidential" pursuant to Paragraph 1 constitute "Confidential Information."

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action, <u>provided, however</u>, that nothing in this Protective Order shall be construed to have any effect on the obligations of Plaintiff Securities and Exchange Commission (the "Commission") under the Freedom

of Information Act, 5 U.S.C. § 552, et seq., and the applicable rules and regulations promulgated thereunder, or to interfere with the Commission's use of information for law enforcement activities and to otherwise regulate, administer and enforce the securities laws, pursuant to 15 U.S.C. § 78u(a)(2), 15 U.S.C. §§ 78x(c) and (f), and 17 C.F.R. § 240.24c-1.

    a.  In the event that the Commission receives a request pursuant to the Freedom of Information Act and the applicable rules and regulations promulgated thereunder for materials designated in this action as CONFIDENTIAL, the Commission shall give notice and a copy of the request to Defendant and the Designating Party. The Commission shall also provide written notice via electronic mail to Defendant and the Designating Party of the Commission's determination as to whether any materials designated as CONFIDENTIAL (1) constitute public records and, if so, (2) whether the records are exempt from disclosure.

    b.  In the event that the Commission determines that any materials designated as CONFIDENTIAL are public records and are not exempt from disclosure, the Commission shall give Defendant and the Designating Party a minimum of ten business days from the notice referenced in Paragraph 3.a to intervene and challenge the requested disclosure.  In the event that Defendant or the Designating Party files such a challenge, the Commission shall not produce the CONFIDENTIAL materials until and unless the challenge to disclosure has been fully and finally resolved.

4.  In the event a party challenges another party or third party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5.  The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." Except as provided in Paragraph 3, all other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.  Parties and counsel for the parties to this action and any associated attorneys, legal assistants, litigation support personnel, information technology personnel, records management or clerical staff, or other professional or paraprofessional personnel, who are directly assisting such counsel in the prosecution or defense of this action, and who are under the supervision or control of such counsel (whether as employees or contractors);

    b.  Consultants or experts assisting in the prosecution or defense of the matter, including consultants' or experts' support staff, to the extent deemed necessary by counsel;

    c.   An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical videographer, or other personnel of such officer;

    d.   Mediators, arbitrators, or similar outside parties and their staff enlisted by the parties to assist in the resolution of this matter;

    e.   The Court or any other person having access to any Confidential Information by virtue of his or her position with the Court; and

    f.   Any other person agreed to by both parties.[1]

6. Except as provided in Paragraph 3 and subject to Paragraph 13, before disclosing or displaying the Confidential Information to any person described in paragraph 5(b), counsel must:

    a.   Inform the person of the confidential nature of the information or documents;

    b.   Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.   Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. In the case of depositions or other pre-trial testimony, a party may designate Confidential Information as such by either (a) a statement on the record, by counsel, during the deposition, or (b) a written notice, sent by counsel to all parties within twenty (20) calendar days after the transcript of said deposition is received by counsel for each of the parties. At or before the end of such twenty-day period, the deposition shall be classified appropriately.

8. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Protective Order.

9. Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

10. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. A party who seeks to file with the Court any documents or information that has previously been designated Confidential Information by the other party or a third party shall provide the other party and/or third party with three (3) days' written notice of its intent to file such material with the Court to provide the opportunity to assert good cause for such sealing. The three-day notice requirement does not apply if the entire court filing is made under

---

[1] Nothing in this agreement shall limit the use or disclosure by the producing party of materials or information containing only the producing party's Confidential Information.

seal in the first instance.  The parties shall otherwise follow the Court's procedures with respect to filing under seal or redaction.

11. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party shall notify all other parties and only upon a showing of good cause will the information be deemed confidential. Such a showing may be made by application to the Court by motion or order to show cause.

12. Except as provided in Paragraph 3, at the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.  Confidential Information that exists on back-up tapes, disaster recovery systems, or similar storage media need not be deleted or destroyed within this time frame, and, instead, such materials may be overwritten and destroyed in the ordinary course of business. Until such materials are overwritten in the ordinary course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

13. Any person subject to this Protective Order who receives a subpoena or other request for the production or disclosure of any Confidential Information, except for a request to disclose Confidential Information for law enforcement activities or to otherwise regulate, administer and enforce the securities laws, pursuant to 15 U.S.C. § 78u(a)(2), 15 U.S.C. §§ 78x(c) and (f), and 17 C.F.R. § 240.24c-1, shall promptly give written notice to the Disclosing Party and enclose a copy of the subpoena or request.  The person subject to the subpoena or other such request also shall make all reasonable good faith efforts to provide the Disclosing Party a reasonable period of time in which to seek to quash the subpoena, or move for protection of the Confidential Discovery Materials, before the person to whom the subpoena or other such request is directed takes action to comply with it.

**SO STIPULATED AND AGREED**.

Dated:  June 9, 2022

WILLIAMS & CONNOLLY LLP                    SECURITIES AND EXCHANGE
                                           COMMISSION


*/s/ David M. Zinn*                         */s/ Nancy A. Brown*


David M. Zinn (admitted *pro hac vice*)     Nancy A. Brown
Adam D. Harber (admitted *pro hac vice*)    Mariel Bronen
A. Joshua Podoll (admitted *pro hac vice*)

Amy B. McKinlay (admitted *pro hac vice*)
Danielle Sochaczevski (admitted *pro hac vice*)

Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20025

650 Fifth Avenue, Suite 1500
New York, NY  10019

(202) 434-5000

dzinn@wc.com
aharber@wc.com
apodoll@wc.com
amckinlay@wc.com
dsochaczevski@wc.com

*Counsel for Jason Sugarman*

100 Pearl Street, Suite 20-100
New York, NY  10004
(212) 336-1023 (Brown)
brownN@sec.gov

Attorneys for Plaintiff

**SO ORDERED.**

_____
Ona T. Wang
United States Magistrate Judge

Dated: August 3, 2022
New York, New York

**Agreement**

   I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

   I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____


Signed in the presence of:


_____

(Attorney)

6