**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,  :  19 Civ. 5998 (GHW)(OTW)

              v.

JASON SUGARMAN,  :  ECF Case

                    Defendant.

------------------------------------------------------------- x

### [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT JASON SUGARMAN

The Securities and Exchange Commission having filed an Amended Complaint and Jury Demand ("Amended Complaint") and Defendant Jason Sugarman having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) promulgated thereunder [17 C.F.R. §§ 240.10b-5(a) and (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)      to employ any device, scheme, or artifice to defraud; or

 (b) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 17(a)(1) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(1) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud; or

 (b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], for a period of three years from the entry of this Final Judgment, Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $7,157,232.19 as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $1,317,703.82, and a civil penalty in the amount of $1,789,308.05 pursuant to Section 20(d)(2) of the Securities Act [15 U.S.C. § 78t(d)(2)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], for a total of $10,264,244.06. Defendant shall satisfy this obligation by paying $7,698,183.04 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VI below after entry of this Final Judgment, and the civil penalty and remaining portion of his prejudgment interest obligation of $2,566,061.02 (the "Remaining Amount") by making the payments detailed in paragraph V below.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jason Sugarman as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the Court's judgment for disgorgement and, subject to paragraphs V and VI below, prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Subject to paragraphs V and VI below, Defendant shall pay post judgment interest on any amounts (excluding the Remaining Amount) due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

The Commission may enforce the Court's judgment for penalties, subject to paragraphs V and VI below, by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Subject to paragraphs V and VI below,

Defendant shall pay post judgment interest on any amounts (excluding the Remaining Amount) due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

V.

Defendant's obligation to pay the Remaining Amount of $2,566,061.02 in prejudgment interest and civil penalty shall be offset by the U.S. Dollar value of any cash payments made by Defendant to the Joint Liquidators, appointed by the Bermuda Supreme Court on or before December 18, 2020 as Joint Provisional Liquidators and on July 26, 2021 as permanent Joint Liquidators to oversee the liquidation of VL Assurance (Bermuda) Ltd. ("VL Assurance"), Valor Group Ltd. and Valor Management Ltd. for distribution to creditors pursuant to the Bermuda Companies Act of 1981 and Section 17(7) of the Segregated Account Companies Act of 2000 (the "Bermuda Liquidation") (or any other bankruptcy trustee, liquidator, or receiver appointed in the Bermuda Liquidation).  Within 10 days of any cash payments made by Defendant to the Joint Liquidators, Defendant shall transmit photocopies of evidence of payment and case-identifying information in a form acceptable to Commission staff.

If the Remaining Amount of $2,566,061.02 in prejudgment interest and civil penalty is not offset in full by Defendant's payments to the Joint Liquidators (or any other bankruptcy trustee, liquidator, or receiver described above) within thirty (30) months of the entry of this Final Judgment (plus any extensions of this period as set forth below), Defendant shall remit to the Commission the outstanding balance of the Remaining Amount of his prejudgment interest and civil penalty obligations, plus post judgment interest on the Remaining Amount pursuant to 28 U.S.C. § 196l, calculated as accruing from 30 days after entry of this Final Judgment.  Failure to remit the cash payment due shall not void this Final Judgment, but the Commission retains its right to pursue any outstanding amount of Defendant's prejudgment interest and civil penalty obligations by use of all collection procedures authorized by law, including the Federal Debt

5

Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Upon good cause shown, the Commission staff may, in its discretion, consent to one or more extensions, up to a total of an additional eighteen (18) months, of the period within which Defendant must make payments to satisfy his obligations to pay the Remaining Amount, which consent shall not unreasonably be withheld. Notwithstanding the foregoing, in the event that a legal action is pending against Defendant by the Joint Liquidators (or any other bankruptcy trustee, liquidator, or receiver described above) at the time any such extension is sought, the Commission staff will permit the requested extension so long as the maximum additional period of eighteen months is not exceeded.

If Defendant pays any portion of his civil penalty obligations to the Commission in accordance with this paragraph V, the Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil

6

penalty in this action ("Penalty Offset"), except as provided in Paragraph V of this Final Judgment.  If the court in any Related Investor Action grants such a Penalty Offset other than as provided in Paragraph V of this Final Judgment, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors or other alleged victims based on substantially similar facts as alleged in the Amended Complaint in this action.

VI.

Jason Sugarman shall pay the total of disgorgement and that portion of prejudgment interest due, $7,698,183.04, in three installment payments to the Commission according to the following schedule: (1) $2,566,061.02, within ten (10) days of entry of this Final Judgment; (2) $2,566,061.02 within 180 days thereafter; and (3) $2,566,061.00 within 365 days after entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.[1] Prior to making the final payment set forth herein, Jason Sugarman shall contact the staff of the Commission for the amount due for the final payment.

If Jason Sugarman fails to make any payment by the date agreed and/or in the amount

---

[1] For clarity, any post judgment interest associated with the Remaining Amount is only due to the extent the Remaining Amount is not offset by Defendant's payments to the Joint Liquidators (or any other bankruptcy trustee, liquidator, or receiver) in accordance with paragraph V.  And such post judgment interest on any Remaining Amount that is not offset in accordance with this provision is due on the date that such payment is made to the Commission under paragraph V.

7

agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to:

Defendant undertakes, on his own behalf and that of his immediate family, to forgo taking or receiving, directly or indirectly, any monies from, or ownership interest in, Valor Group Ltd. or its affiliates or subsidiaries resulting from the resolution of administrative supervision, liquidation or bankruptcy proceedings, now pending or hereafter commenced.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Amended Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:_____, _____

_____<br>UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
SECURITIES AND EXCHANGE  :
COMMISSION,  :
 :
                     Plaintiff,  :      19 Civ. 5998 (GHW)(OTW)
 :
         v.  :
 :
JASON SUGARMAN,  :      ECF Case
 :
                    Defendant.  :
------------------------------------------------------------- x

**CONSENT OF DEFENDANT JASON SUGARMAN**

1.      Defendant Jason Sugarman ("Defendant") acknowledges having been served with the Amended Complaint and Jury Demand ("Amended Complaint") in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the Amended Complaint (except as provided herein in paragraph 13 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

      (a)    permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) thereunder [17 C.F.R. § 240.10b-5(a) and (c)] and Sections 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(1) and (3)];

      (b)    requires Defendant to comply with the undertakings set forth in this

    Consent and incorporated in the Final Judgment;

(c) for a period of three years from the entry of the Final Judgment, bars Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

(d) orders Defendant to pay disgorgement in the amount of $7,157,232.19, plus prejudgment interest thereon in the amount of $1,317,703.82;

(e) orders Defendant to pay a civil penalty in the amount of $1,789,308.05 under Section 20(d)(2) of the Securities Act [15 U.S.C. § 78t(d)(2)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and

(f) orders that $2,566,061.02 of Defendant's prejudgment interest and civil penalty obligations (the "Remaining Amount") shall be offset by the U.S. Dollar value of any cash payments made by Defendant to the Joint Liquidators, appointed by the Bermuda Supreme Court on or before December 18, 2020 as Joint Provisional Liquidators and on July 26, 2021 as permanent Joint Liquidators to oversee the liquidation of VL Assurance (Bermuda) Ltd. ("VL Assurance"), Valor Group Ltd. and Valor Management Ltd. for distribution to creditors pursuant to the Bermuda Companies Act of 1981 and Section 17(7) of the Segregated Account Companies Act of 2000 (the "Bermuda Liquidation") (or any

other bankruptcy trustee, liquidator, or receiver appointed in the Bermuda Liquidation). Within 10 days of any cash payments made by Defendant to the Joint Liquidators, Defendant shall transmit photocopies of evidence of payment and case identifying information in a form acceptable to Commission staff. If the Remaining Amount of $2,566,061.02 in prejudgment interest and civil penalty is not offset in full by Defendant's payments to the Joint Liquidators (or any other bankruptcy trustee, liquidator, or receiver described above) within thirty (30) months of the entry of Final Judgment (plus any extensions of this period as set forth below), Defendant shall remit to the Commission the outstanding balance of the Remaining Amount of his prejudgment interest and civil penalty obligations, plus post judgment interest on the Remaining Amount pursuant to 28 U.S.C. § 196l, calculated as accruing from 30 days after entry of this Final Judgment. Failure to remit the cash payment due shall not void this Final Judgment, but the Commission retains its right to pursue any outstanding amount of Defendant's prejudgment interest and civil penalty obligations by use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Upon good cause shown, the Commission staff may, in its discretion, consent to one or more extensions, up to a total of an additional eighteen (18) months, of the

period within which Defendant must make payments to satisfy his obligations to pay the Remaining Amount, which consent shall not unreasonably be withheld. Notwithstanding the foregoing, in the event that a legal action is pending against Defendant by the Joint Liquidators (or any other bankruptcy trustee, liquidator, or receiver described above) at the time any such extension is sought, the Commission staff will permit the requested extension so long as the maximum additional period of eighteen months is not exceeded.  If Defendant pays any portion of his civil penalty obligations to the Commission, the Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

3. Defendant acknowledges any portion of the civil penalty paid pursuant to the Final Judgment to the Commission may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty,

Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"), except as provided in Paragraph V of the Final Judgment. If the court in any Related Investor Action grants such a Penalty Offset other than as provided in Paragraph V of the Final Judgment, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors or other alleged victims based on substantially similar facts as alleged in the Amended Complaint in this action.

4.  Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.     Defendant undertakes, on his own behalf and that of his immediate family, to forgo taking or receiving, directly or indirectly, any monies from, or ownership interest in, Valor Group Ltd. or its affiliates or subsidiaries resulting from the resolution of administrative supervision, liquidation or bankruptcy proceedings, now pending or hereafter commenced.

6.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.    Defendant waives service of the Final Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Amended Complaint in this action.

13. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement

denying, directly or indirectly, any allegation in the Amended Complaint or creating the impression that the Amended Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Amended Complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Amended Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the Amended Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15. Defendant agrees to waive all objections, including but not limited to, constitutional, timeliness, and procedural objections, to the administrative proceeding that will be instituted when the judgment is entered.

16. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

17. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 10/31/2022

_____
Jason Sugarman

On October 31, 2022, Jason Sugarman, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: March 7, 2024

Approved as to form:

_____
David Zinn
Williams & Connolly LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024

Attorney for Defendant

TAMMERA OKUMOTO
Notary Public - California
Los Angeles County
Commission # 2323188
My Comm. Expires Mar 7, 2024

9