

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

January 10, 2023

**VIA ECF**

Hon. Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    SEC v. Sugarman;
                No. 19 Civ. 5998 (GHW) (OTW)

Dear Judge Woods:

      Plaintiff Securities and Exchange Commission ("Commission") and Defendant Jason Sugarman respectfully write to submit a proposed Final Judgment on consent, together with the Consent of Defendant Jason Sugarman, for the Court's review and approval.

      The proposed Final Judgment is fair and reasonable and will not disserve the public interest. *See SEC v. Citigroup Global Markets, Inc.* 752 F.3d 285 (2d Cir. 2014).

      <u>The Commission's Complaint.</u>  The Commission filed this action in June 2019 to charge Defendant Sugarman for his role in a scheme to defraud 10 pension funds of $43 million in connection with the issuance of limited recourse Native American tribal bonds between 2014 and 2015.  This action followed the Commission's case against eight other participants in the scheme, *SEC v. Archer*, 16 Civ. 3505 (GHW) (OTW) (S.D.N.Y.), and the criminal indictments and convictions of seven of those defendants in a parallel criminal case, *United States v. Galanis*, 16 Cr. 371 (RA) (S.D.N.Y.).  Mr. Sugarman was not charged in the criminal matter.  In its *Sugarman* complaint, the Commission alleged that Sugarman and the previously-charged Jason Galanis had been 50/50 partners in the scheme and used the proceeds of it to acquire two Commission-registered investment advisers and certain foreign insurance companies, and to gain control of a U.S. broker-dealer.  Mr. Sugarman had been vigorously defending the case.

      <u>The Proposed Settlement.</u>  The Second Circuit "recognizes a 'strong federal policy favoring the approval and enforcement of consent decrees.'"  *Citigroup*, 752 F.3d at 293. (quoting *SEC v. Wang*, 944 F.2d 80, 85 (2d Cir. 1991)).  "[T]he proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the public interest would not be disserved, . . . in the event that the consent decree includes injunctive relief."  *Citigroup*, 752 F.3d at 294 (internal quotation marks and citations omitted).  Defendant Sugarman has consented to the entry of a final judgment that would permanently enjoin him from future violations of Sections 17(a)(1) and (3) of the

Securities Act of 1933 ("Securities Act"), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rules 10b-5(a) and (c) thereunder.  He has also consented to the imposition of a three-year officer and director bar pursuant to Securities Act Section 20(e) and Exchange Act Section 21(d)(2), to pay $7,157,232.19 in disgorgement, $1,317,703.82 in pre-judgment interest, and $1,789,308.05 in civil penalties pursuant to Securities Act Section 20(d) and Exchange Act Section 21(d)(3). The proposed Final Judgment provides that Defendant's penalty and prejudgment interest obligations will be offset by up to $2,566,061.02 for any cash payments he makes within 48 months to the Joint Liquidators appointed to oversee the liquidation of foreign insurance companies, VL Assurance (Bermuda) Ltd. ("VL Assurance"), Valor Group Ltd. and Valor Management Ltd. (the "Bermuda Liquidation"), or any other bankruptcy trustee, liquidator, or receiver appointed in the Bermuda Liquidation.  *See In re VL Assurance (Bermuda) Ltd.*, 21 Civ. 10682 (Bankr. S.D.N.Y.).  Defendant has undertaken, on his own behalf and that of his immediate family, to forgo taking or receiving, directly or indirectly, any monies from, or ownership in, Valor Group Ltd. or its affiliates or subsidiaries resulting from the resolution of administrative supervision, liquidation or bankruptcy proceedings, now pending or hereafter commenced.  The proposed Final Judgment (and Defendant's Consent) – submitted separately today on ECF – have been considered and approved by the full Commission.

   <u>The Proposed Settlement Is Fair and Reasonable.</u>   Defendant Sugarman has agreed to settle the Commission's claims against him on a no admit, no deny basis.  The terms of the proposed Final Judgment are the product of significant negotiations between Commission counsel and long-standing counsel for Defendant, in which both sides took account of the litigation risks faced by each of them, and the benefits to both in avoiding those risks, and protracted litigation.  In addition, the proposed Final Judgment would provide meaningful recovery to the victims.[1]

   The terms of the proposed Final Judgment, including the enforcement mechanisms, are clear and unambiguous.  The preamble to the proposed Final Judgment describes Defendant's consent to this Court's jurisdiction over him and over the subject matter of this action, as well as his consent to entry of the Final Judgment, and waiver of findings of fact and conclusions of law, and any right to appeal.  The body of the proposed Final Judgment contains numbered sections, which detail:  (i) the injunctive relief to be imposed for Defendant's alleged violations of the securities laws, as well as those bound by the injunctions under Fed. R. Civ. P. 65(d)(2); (ii) the three-year officer and director bar; (iii) the disgorgement and prejudgment interest to be imposed against Defendant and the payment plan under which he is to satisfy those obligations; (iv) the provision for an offset against his prejudgment interest and penalty obligations should he make payments to the Bermudian Joint Liquidators; and (v) his agreement to forgo taking or receiving any monies from, or ownership in, Valor Group Ltd. or its affiliates and subsidiaries, on his own behalf or on behalf of any immediate family member.

---

[1] The Commission intends to seek the Court's authorization for a Fair Fund and the Court's approval of a plan of distribution to the victims once Sugarman's disgorgement obligations are satisfied pursuant to the payment plan provisions of the Final Judgment.  *See* Proposed Final Judgment, Paragraph VI.

The proposed Final Judgment would impose most of the relief sought in the Complaint, and is fair, reasonable, and in the public interest. "The job of determining whether the proposed SEC consent decree best serves the public interest . . . rests squarely with the SEC, and its decision merits significant deference." *Citigroup*, 752 F.3d at 291. The SEC has made that determination here, and has included an appropriate injunction and a three-year officer and director bar, given Defendant's position as a director of Burnham Securities, Inc. at times during the alleged scheme. The Second Circuit has recognized that a "district court has 'substantial discretion in deciding whether to impose a bar to employment in a public company.'" *SEC v. Bankosky*, 716 F.3d 45, 48 (2d Cir. 2013) (quoting *SEC v. Patel*, 61 F.3d 137 (2d Cir. 1995)). Here, the non-exclusive factors cited in *Bankosky*[2] support, in the SEC's judgment, a finding that Defendant is unfit to serve as an officer or director, and that a time-limited bar from such activity is appropriate.

Requiring Defendant to pay disgorgement of $7,157,232.19 as a result of the conduct alleged in the Complaint is fair and reasonable. "[The] Second Circuit has long held that district courts may exercise their discretion to impose disgorgement of proceeds received in connection with violations of the securities laws." *SEC v. Illarramendi*, 260 F. Supp. 3d 166, 181 (D. Conn. 2017) (citing *SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1104 (2d Cir. 1972)). Requiring Defendant Sugarman to pay prejudgment interest of $1,317,703.82 is also fair and reasonable. "Requiring payment of [prejudgment] interest prevents a defendant from obtaining the benefit of what amounts to an interest free loan procured as a result of illegal activity." *SEC v. Moran*, 944 F. Supp. 286, 295 (S.D.N.Y. 1996). Here that amount has been calculated using the accepted method of applying the Internal Revenue Service's interest rate for tax underpayment to the disgorgement amount. *See SEC v. First Jersey Secs., Inc.* 101 F.3d 1450, 1476 (2d Cir. 1996) (finding the IRS underpayment rate appropriate to calculate prejudgment interest).

Requiring Defendant to pay a civil penalty of $1,789,308.05 pursuant to Securities Act Section 20(d) and Exchange Act Section 21(d)(3) is similarly fair and reasonable and in the public interest. "'[O]nce the district court has found federal securities law violations, it has broad equitable power to fashion appropriate remedies.'" *SEC v. Fowler*, 6 F.4th 255, 265 (2d Cir. 2021) (quoting *SEC v. Sourlis*, 851 F.3d 139, 146 (2d Cir. 2016)). Application of the factors applied by courts in this Circuit, which are similar to those applied in determining officer or director unfitness, *SEC v. Rajaratnam*, 918 F.3d 36, 44 (2d Cir. 2019), support the imposition of the penalty Defendant has consented to here. And imposition of a substantial penalty will serve the purpose of effecting "general deterrence." *Id.* at 41.

Finally, the offset to his prejudgment interest and penalty obligations that Defendant may receive for the U.S. dollar value of any cash payment he makes to the Bermuda Joint Liquidators

---

[2] "'(1) [T]he egregiousness of the underlying securities law violation; (2) the defendant's repeat offender status; (3) the defendant's role or position when he engaged in the fraud; (4) the defendant's degree of scienter; (5) the defendant's economic stake in the violation; and (6) the likelihood that misconduct will recur.'" *Bankosky*, 716 F.3d at 48 (quoting *Patel*, 61 F.3d at 141).

or any other bankruptcy trustee, liquidator, or receiver appointed in the Bermuda Liquidation is fair and reasonable. If he is unable to resolve the Joint Liquidators' potential claims against him within 48 months of the entry of the proposed Final Judgment, the full amount of the offset — $2,566,061.02 — will be owed by him to the Commission. In the meantime, however, the Commission will be able to distribute the amounts Defendant will pay in disgorgement, thereby benefiting the victims more quickly than would be possible if the parties were to await a global resolution.

For the foregoing reasons, the Commission and Defendant Sugarman respectfully request that the Court approve the proposed Final Judgment. If the proposed Final Judgment is acceptable to the Court, we respectfully request that the Court docket the Final Judgment together with the Defendant's Consent.

Respectfully submitted,

s/ *Nancy A. Brown*
Counsel for the Plaintiff Securities and Exchange Commission


s/ *Amy McKinlay*
Counsel for Defendant Sugarman